```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

LEWIS RANSBURGH, SR., #07834                              PLAINTIFF

VERSUS                         CIVIL ACTION NO. 3:08cv605-HTW-LRA

GLENN HAMILTON, TINA THOMPSON,
SHELY JONES and REGINA JONES,
in their individual capacities                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court, <u>sua sponte</u>, for consideration of dismissal of the plaintiff's claims against Glenn Hamilton, Tina Thompson, Shely Jones and Regina Jones. Plaintiff is an inmate of the Mississippi Department of Corrections (MDOC) incarcerated in the Wilkinson County Correctional Center, Woodville, Mississippi.[1]  The plaintiff seeks as relief monetary damages.

### I.  Background

The plaintiff complains that as a result of his parole being erroneously revoked he is being unlawfully incarcerated. According to the complaint, the plaintiff asserts that he was taking a prescribed narcotic medication for a gun shot wound to his right foot.  The plaintiff states in his response [13] that defendant Hamilton relied on false information from defendant Shely Jones to revoke his parole.  He further states in his response [13] that even though the plaintiff informed and

---

[1] The plaintiff, a prisoner, was granted <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915 by order [8] entered on October 20, 2008.

presented medical documents of the prescribed medication he was taking to defendant Shely Jones, she told him "them papers didn't mean anything" and she also failed to make a note of the medication that plaintiff was taking in his computer records. The plaintiff asserts in his response [13] that he advised defendant Thompson, the parole officer, of his medical situation. The plaintiff claims in his response [13] that Defendant Thompson failed to call the plaintiff's medical doctor to confirm that he had prescribed this medication for the plaintiff.  Additionally, the plaintiff further alleges in his response [13] that defendant Regina Jones initially informed the plaintiff that his drug test was negative for drugs.  However, she left the building and returned later, along with another parole officer, informing the plaintiff that he did in fact test positive for drugs.  The plaintiff alleges that defendant Regina Jones committed fraud and was retaliating against him because he had gotten a person fired from the parole office.

   The plaintiff was then arrested on August 1, 2007, and charged with violating his parole because he tested positive for drugs.  According to the allegations of the complaint [1] and response [13], his parole was then revoked because of the results of his drug test.  However, in his response [13], the plaintiff states that his parole revocation has not been invalidated, reversed or expunged.

II.  Analysis

The Prison Litigation Reform Act of 1996, Pub.L. No. 104-134, 110 Stat. 1321, applies to prisoners proceeding in forma pauperis in this Court.  One of the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Title 28 U.S.C. Section 1915(e)(2) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and Macias v. Raul A., 23 F.3d 94, 97 (5th Cir.1994).  "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or

maliciousness even before service of process or before the filing of the answer." Id.  The court has permitted the plaintiff to proceed in forma pauperis in this action, thus his complaint is subject to sua sponte dismissal under 28 U.S.C. § 1915(e)(2).

### A. Previously filed civil action against defendants Hamilton, Thompson and Shely Jones

This court finds that the plaintiff has previously filed a civil action concerning the same alleged unlawful parole revocation as he complains about in the instant civil action. See Ransburgh v. Hamilton, et al, No. 3:07cv737-TSL-JCS (S.D. Miss. Jan. 18, 2008).  That civil action was dismissed based on the plaintiff's failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(ii).  The instant complaint and the previously filed complaint both argue that plaintiff's parole revocation was unlawful and in both civil actions the plaintiff fails to establish that his parole revocation has been invalidated. Accordingly, this Court concludes that the allegations asserted against defendants Hamilton, Thompson and Shely Jones in this complaint are duplicative of the previously filed civil action in this court and therefore, the claims will be dismissed for the reason set forth below.

If a pauper seeks to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff, then dismissal of the ensuant action is warranted. Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir.1989).  The United

4

States Court of Appeals for the Fifth Circuit further defined these duplicative actions as "malicious," even prior to the disposition of the first suit. Pittman v. K. Moore, 980 F.2d 994, 995 (5th Cir. 1993)("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff"). The plaintiff is entitled to "one bite at the litigation apple--but no more." Pittman v. K. Moore, 980 F.2d 994, 995 (5th Cir. 1993). Because the claims action against defendants Hamilton, Thompson and Shely Jones in the instant civil action are duplicative of a previously litigated civil action, those claims will be dismissed as malicious.

### B.  Claim against defendant Regina Jones

As for the plaintiff's claims against defendant Regina Jones, they are precluded by the United States Supreme Court case of Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the United States Supreme Court addressed whether a claim for monetary damages which essentially challenges a plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Supreme Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

>  executive order, declared invalid by a state tribunal
>  authorized to make such determination, or called into
>  question by a federal court's issuance of a writ of
>  habeas corpus, 28 U.S.C. § 2254.  A claim for damages
>  bearing that relationship to a conviction or sentence
>  that has not been so invalidated is not cognizable
>  under § 1983.  Thus, when a state prisoner seeks
>  damages in a § 1983 suit, the district court must
>  consider whether a judgment in favor of the plaintiff
>  would necessarily imply the invalidity of his
>  conviction or sentence; if it would, the complaint must
>  be dismissed unless the plaintiff can demonstrate that
>  the conviction or sentence has already been
>  invalidated.  But if the district court determines that
>  the plaintiff's action, even if successful, will not
>  demonstrate the invalidity of any outstanding criminal
>  judgment against the plaintiff, the action should be
>  allowed to proceed, in the absence of some other bar to
>  the suit.

Id. at 486-87 (footnotes omitted); see also Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994).  In McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158 (5th Cir. 1995), the United States Court of Appeals for the Fifth Circuit applied the Heck case to § 1983 civil actions complaining about the revocation of parole.  Therefore, under the circumstances of plaintiff's allegations against defendant Regina Jones, this court concludes that if it were to find in the plaintiff's favor and against defendant Regina Jones and determine that his parole was illegally revoked because of the actions of defendant Regina Jones, it would necessarily imply the invalidity of his imprisonment.  Moreover, since the plaintiff states in his response [13] that his parole revocation has been not been reversed, expunged, or declared invalid as required by Heck, this court has determined that the plaintiff's claims against defendant Regina Jones are barred from consideration, at this time.  As such, these claims are dismissed

6

for the plaintiff's failure to state a claim on which relief may be granted. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

### III.  Conclusion

As discussed above, the plaintiff's claims against defendants Glen Hamilton, Tina Thompson and Shely Jones are duplicative of a previously filed civil action.  Consequently, those claims are dismissed with prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  The plaintiff's claims against defendant Regina Jones are barred by Heck v. Humphrey and will be dismissed with prejudice for the plaintiff's failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(ii).  See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).[2]

### IV.  Three-strikes provision

Since this case is dismissed pursuant to the above mentioned provisions of the Prison Litigation Reform Act, this dismissal will be counted as a "Strike."[3]  If the plaintiff receives "three

---

[2] When the plaintiff's parole revocation hearing is invalidated, reversed, expunged, or habeas is granted he may then pursue a § 1983 civil action. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

[3] 28 U.S.C. § 1915(g) states:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

strikes" he will be denied <u>in</u> <u>forma</u> <u>pauperis</u> status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 20th day of November, 2008.

                                         s/ HENRY T. WINGATE
                                         CHIEF UNITED STATES DISTRICT JUDGE

---

under imminent danger of serious physical injury.